IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VAN DARWIN NOVAK,<br>#56080-177,<br><br>　　　　Petitioner,<br><br>v.<br><br>WILLIAM K. MARSHALL, III,<br>DIRECTOR OF BOP,<br><br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:25-CV-02021-S-BW |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this pro se civil action

was referred to the United States magistrate judge for case management, including

the entry of findings and a recommended disposition where appropriate.  As

discussed below, the Petition should be **DENIED**.

## I.  BACKGROUND

Petitioner Van Darwin Novak, a federal prisoner housed at FCI Seagoville,

filed this 28 U.S.C. § 2241 petition challenging the Bureau of Prisons' ("BOP's")

calculation and application of his First Step Act ("FSA") time credits and the timing

of his placement in prerelease custody.  (Dkt. No. 3.)

In his sole ground for relief, Novak alleges that the BOP has erroneously

calculated his earned FSA Time Credits (also known as federal time credits, or

"FTCs"), resulting in the loss of 765 credits and causing his "FSA Conditional

1

Placement Date" to be erroneously set at August 28, 2027, rather than July 24, 2025, as he believes it should be.  (Dkt. No. 3 at 7.)  He seeks an order directing the BOP to properly calculate and apply all FTCs earned during his entire imposed term of imprisonment.  *Id.*

Novak was convicted in this district of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, Case No. 4:17-CR-00168-O, and was sentenced on July 31, 2018, to 200 months of imprisonment. (Dkt. No. 3 at 3.)  He did not appeal. *Id.*  He exhausted his administrative remedies through the BOP's grievance process, submitting BP-8 through BP-11 forms between January and May 2025, each of which was either unaddressed or denied.  *Id.* at 2.

On September 10, 2025, Respondent submitted a response explaining that Novak's FSA credits have been correctly calculated and applied.  (Dkt. No. 7.)  As of August 3, 2025, Novak had earned a total of 1,170 FSA Time Credits.  (Dkt. No. 7 at 5.)  Of those, 365 were applied toward early transfer to supervised release—the statutory maximum under 18 U.S.C. § 3624(g)(3)—advancing his projected release date from November 5, 2031, to November 5, 2030.  *Id.*  The remaining 805 FTCs were counted toward prerelease custody placement, but Novak could not yet apply them because his earned credits did not equal the remainder of his imposed term of imprisonment as required by 18 U.S.C. § 3624(g)(1)(A).  *Id.* at 5-6.

Upon review, the undersigned concludes that Novak is statutorily ineligible for the relief he seeks.  His petition should therefore be denied.

## II. LEGAL STANDARD AND ANALYSIS

A petitioner may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is well established that the "sole function [of habeas actions] is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (habeas actions are reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," while civil-rights actions are typically used to attack conditions of confinement (citations omitted)). "[I]f a favorable determination of the prisoner's claim [does] not automatically entitle him to accelerated release," then the appropriate means to challenge the conditions of confinement is through a civil rights lawsuit. *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (finding a challenge to exclusion from program allowing home confinement for elderly offenders is more properly brought as a civil rights suit).

Additionally, the FSA grants discretion to the BOP to determine the placement of inmates who have earned enough time credits to receive a sentence reduction. *See* 18 U.S.C. § 3632(d)(4)(C) ("Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in *prerelease custody or supervised release*." (emphasis added)); *see Girven v. Smith*, No. 4:23-CV-859-P, 2023 WL

8606807, at *1 (N.D. Tex. Dec. 12, 2023) (summarizing FSA time credits for evidence-based recidivism reduction programming).

"An eligible inmate . . . may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020," and "may earn FSA Time Credit if he or she is successfully participating in [Evidence-Based Recidivism Reduction] programs or [Productive Activities] that the [BOP] has recommended based on the inmate's individualized risk and needs assessment on or after January 15, 2020." 28 C.F.R. §§ 523.42(b)(2)-(3).

However, Congress placed two express limitations on the application of those credits: (1) Credits toward early supervised release may not exceed twelve months. 18 U.S.C. § 3624(g)(3), and (2) Credits toward prerelease custody may not be applied until the prisoner has earned credits "in an amount equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Thus, while the statute mandates application of earned credits, it conditions that application on specific statutory prerequisites.

The BOP also retains authority over prerelease placement decisions, including placement in a Residential Reentry Center ("RRC") and home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b). Courts in this district have repeatedly recognized that a request for prerelease placement based on FSA credits is not cognizable in habeas to the extent it challenges placement rather than sentence duration. *Id.*; *Maldonado v. Rule*, No. 4:24-CV-0971-P, 2025 WL 476256, at *2 (N.D.

4

Tex. Feb. 11, 2025) (holding a request for placement in prerelease custody because of FSA time credits is not cognizable in habeas).

### A. Novak has received the maximum benefit for the duration of his sentence that the FSA permits.

The FSA's twelve-month cap on early supervised release is not in dispute here. The BOP applied 365 days of Novak's earned FTCs toward early transfer to supervised release under 18 U.S.C. § 3624(g)(3), advancing his projected release date by one full year, from November 5, 2031, to November 5, 2030. (Dkt. No. 7 at 5.) That is the statutory ceiling. 18 U.S.C. § 3624(g)(3) (authorizing transfer to supervised release "at an earlier date, not to exceed 12 months"). Novak cannot receive additional credit toward his release date through the FSA. *See McLean v. Rivers*, No. 3:23-CV-1750-G-BK, 2024 WL 665858, at *2 (N.D. Tex. Jan. 26, 2024) (concluding BOP inmate was statutorily ineligible for further relief because the BOP had applied 365 days of FSA time credit to his projected statutory release date), *rec. adopted*, 2024 WL 666070, at *1 (N.D. Tex. Feb. 15, 2024).

Novak's remaining claim concerns the timing of his placement in prerelease custody—that is, his transfer to a RRC or home confinement—which is governed by a separate and independent statutory requirement.

### B. Novak was not eligible to apply FTCs toward prerelease custody on July 24, 2025.

Novak contends that the BOP has miscalculated his placement in prerelease custody by failing to apply all of his FTCs at a single point in time once, in his view, the statutory threshold is satisfied. In his reply, he argues that the First Step Act

requires credits to be aggregated across the entire imposed term of imprisonment and effectively "front-loaded" into a single application date reflected in his proposed "best case scenario." (Dkt. No. 9 at 1-2, 6-7.) That reading misstates the statute. Section 3624(g) requires that credits be earned, not projected. Because Novak had not met that threshold on the date he identifies, his claim fails as a matter of law.

Section 3624(g)(1)(A) provides that FSA credits may be applied only when the prisoner "has earned time credits . . . in an amount equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). This is a hard statutory prerequisite, not a target the BOP may accelerate or waive.

The record shows that on July 24, 2025, the date Novak contends he should have been transferred to prerelease custody, he had 1,930 days remaining on his imposed term of imprisonment. (Dkt. No. 7 at 5-6.) As of August 3, 2025, Novak had earned 805 FTCs available for application toward prerelease custody. *Id.* at 5. Those 805 earned credits fell far short of the 1,930-day remainder, meaning the statutory prerequisite for application had not been met. Novak was therefore ineligible for prerelease placement on July 24, 2025.

Novak's argument that the BOP's methodology is flawed and that credits should be aggregated and front-loaded to produce an earlier placement date has been squarely rejected in this district. Courts have explained that FSA credits "are not applied until such time as the inmate has earned time credits in an amount equal to the remainder of the term of imprisonment because earned time credits may be lost as a result of misconduct." *Maldonado*, 2025 WL 476256, at *1; *see also Lang v. Rule*,

6

No. 4:24-CV-0788-P, 2025 WL 489343 (N.D. Tex. Feb. 13, 2025); *Blake v. Rule*, No. 4:24-CV-0726-P, 2025 WL 489342 (N.D. Tex. Feb. 13, 2025). The FSA requires that credits be *earned* before they may be applied. *See* 18 U.S.C. § 3624(g)(1)(A). There is no authority permitting the BOP to apply anticipated future credits, nor is there authority requiring it to do so.

This framework distinguishes FSA Time Credits from Good Conduct Time ("GCT") credits. GCT credits are awarded automatically at a rate of 54 days per year of the imposed sentence and carry protected liberty interests enforceable through habeas. *See* 18 U.S.C. § 3624(b); *Wolff v. McDonnell*, 418 U.S. 539 (1974). FSA Time Credits, by contrast, are earned only through participation in qualifying programming and are contingent on continued compliance. Because they may be forfeited for misconduct, Congress required that the § 3624(g)(1)(A) threshold be satisfied by actually *earned* credits before any application may occur.

**C.    BOP's August 28, 2027, conditional placement date reflects a proper application of the statutory framework.**

The BOP projected that if Novak's FSA status remains unchanged, he will earn a total of 1,165 FTCs applicable toward prerelease custody. (Dkt. No. 7 at 6.) On August 28, 2027, the days remaining on his sentence will equal the 1,165 projected credits, satisfying the § 3624(g)(1)(A) threshold. *Id.* The August 28, 2027, FSA Conditional Placement Date thus represents the earliest date on which the statutory prerequisite will be met, and the BOP has designated that as the projected date for Novak's transfer to prerelease custody.

Novak identifies no legal or mathematical error in that calculation.  He offers no authority requiring the BOP to credit anticipated programming before it is earned, and no authority prohibiting the use of projected totals to calculate a conditional placement date.  The use of projected credits to establish a planning date is a practical mechanism—not a present entitlement.  Courts in this district and elsewhere have consistently upheld this approach.  *See Gutierrez v. Hijar*, No. 5:22-CV-1231, 2023 WL 2317790, at *3 (W.D. Tex. Feb. 28, 2023); *Maldonado v. Martinez*, No. 2:23-CV-00983, 2023 WL 8270640, at *1 (W.D. La. Nov. 6, 2023), *rec. adopted*, 2023 WL 8264495 (W.D. La. Nov. 29, 2023).

**D.    Novak's claim is, in substance, a challenge to a BOP placement decision that is not reviewable by this court.**

Although framed as a credit dispute, the substance of Novak's claim is a challenge to when he may be placed in prerelease custody (RRC or home confinement).  (*See* Dkt. No. 3 at 7; *see also* Dkt. No. 9 at 1.)  That issue is governed not by § 3624(g), but by 18 U.S.C. § 3621(b), which gives the BOP sole discretion to designate an inmate's place of confinement.

Section 3621(b) expressly provides that: "A designation of a place of imprisonment under this subsection is not reviewable by any court."  *See* 18 U.S.C. § 3621(b).  Courts consistently hold that placement in an RRC or on home confinement constitutes a designation decision committed to BOP's discretion and is insulated from judicial review.  *See McLean*, No. 3:23-CV-1750-G-BK, 2024 WL 665858, at *2; *Lawrence v. Warden of Seagoville,* No. 3:24-CV-2731-N-BK, 2025 WL

1240765, at *2 (N.D. Tex. Apr. 4, 2025), *rec. adopted,* No. 3:24-CV-2731-N-BK, 2025 WL 1239725 (N.D. Tex. Apr. 29, 2025); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (no constitutional right to placement in a particular facility).

Here, Novak effectively asks the Court to order BOP to move up his prerelease placement date to July 24, 2025. That request directly implicates BOP's designation authority under § 3621(b), which this Court lacks jurisdiction to review. Accordingly, even if this Court were to conclude that the BOP's credit calculations were somehow incorrect, it would lack authority to order Novak's transfer to prerelease custody. The petition must be denied on this independent ground as well.

### III.  RECOMMENDATION

For the foregoing reasons, the Court should **DENY** the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 because Novak has failed to demonstrate he is entitled to relief.

**SO RECOMMENDED** on March 27, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).